Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Counsel for Plaintiff and Proposed Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

KRISTIE RUDHAM

Individually and on Behalf of All
Others Similarly Situated,

*Plaintiff*,

v.

GLOBAL CUSTOM COMMERCE,
INC.

*Defendant*.

Case No. **'23 CV 0152 DMS BLM**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

# **Table of Contents**

I.      Introduction..................................................................................................1

II.     Parties.........................................................................................................4

III.    Jurisdiction and Venue. .............................................................................4

IV.     Facts. ...........................................................................................................4

    A.    Defendant's fake sales and discounts........................................4

    B.    Defendant's advertisements violate California law. ...................16

    C.    Defendant's advertisements harm consumers.............................17

    D.    Plaintiff was misled by Defendant's misrepresentations. ..........18

    E.    Defendant breached its contract. ...............................................19

V.      Class Action Allegations. .........................................................................19

VI.     Claims. ......................................................................................................21

First Cause of Action: Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17501 et. seq. ...................................................................21

Second Cause of Action: Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500 et. seq......................................................22

Third Cause of Action: Violation of California's Consumer Legal Remedies Act ...................................................................................................23

Fourth Cause of Action: Violation of California's Unfair Competition Law.........25

Fifth Cause of Action: Breach of Contract...............................................27

Sixth Cause of Action: Breach of Express Warranty ...............................28

Seventh Cause of Action: Breach of Implied Warranty............................29

Eighth Cause of Action: Quasi-Contract/Unjust Enrichment ..................30

Ninth Cause of Action: Negligent Misrepresentation ..............................30

Tenth Cause of Action: Intentional Misrepresentation .............................31

VII.    Jury Trial Demand. ...................................................................................32

VIII.   Relief.........................................................................................................32

i

# I.     Introduction.

1.     Advertised "sale" prices are important to consumers.  Consumers are more likely to purchase an item if they know that they are getting a good deal.  Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

2.     While there is nothing wrong with a legitimate sale, a fake one—that is, one with made-up regular prices, made-up discounts, and made-up expirations—is deceptive and illegal.

3.     As the Federal Trade Commission advises in its *Guides Against Deceptive Pricing*, it is deceptive to make up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. § 233.1.

4.     So, fake sales violate California's general prohibition on unfair and deceptive business practices.  *See* Cal. Bus. & Prof. Code § 17200.

5.     Moreover, California's False Advertising Law specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."  *E.g.,* Cal. Civ. Code § 1770(a)(13).

6.     Likewise, California's Consumer Legal Remedies Act provides that "No price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising.  Cal. Bus. & Prof. Code §17501.

7.     Defendant Global Custom Commerce, Inc. ("Global Custom Commerce," "GCC" or "Defendant") makes, sells, and markets window coverings (the "GCC Products" or "Products").  The Products are sold online through Defendant's websites, Blinds.com, JustBlinds.com, and AmericanBlinds.com.

8.     Defendant's websites prominently advertise sales.  These advertisements include purported regular prices, purported discounts, and purported end dates for the sales.

1

Defendant's sales on Blinds.com, JustBlinds.com, and AmericanBlinds.com, respectively, with dates listing when the sales end:



2



Purported regular prices, and associated discounts:

9.     But these advertisements are false.  The sales are not limited in time, and the discounts continue to be available.

10.     Ms. Rudham bought blinds from Global Custom Commerce on Blinds.com. Like GCC's other customers, when Ms. Rudham bought the Products, GCC advertised that a purported sale was going on.  Ms. Rudham believed that the GCC Products that she purchased retailed for the displayed regular price.  She further believed that she was getting a substantial discount from the regular price, and that the sale would end soon. These reasonable beliefs are what caused her to buy from Defendant.  If the Products she purchased weren't on sale, she would not have bought them.

11.     But none of that was true.  Defendant's published regular prices were not the prevailing regular prices.  Had Defendant been truthful, Plaintiff and other consumers

3

would not have purchased the Products or would have paid less for them.

12.     Plaintiff brings this case for herself and the other customers who purchased Global Custom Commerce's Products.

## II.     Parties.

13.     Plaintiff Kristie Rudham is domiciled in San Diego, California.

14.     The proposed class includes citizens of every state.

15.     Defendant Global Custom Commerce, Inc. is a Delaware corporation with its principal place of business at 10255 Richmond Ave, Houston, Texas 77042.

## III.     Jurisdiction and Venue.

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

17.     The Court has personal jurisdiction over Defendant because Defendant sold GCC Products to consumers in California, including to Plaintiff.

18.     Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this District were a separate state, given that Defendant sold GCC Products to consumers in this District, including Plaintiff.  Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's conduct giving rise to the claims occurred in this District, including Defendant's sale to Plaintiff.

## IV.     Facts.

### A.     Defendant's fake sales and discounts.

19.     Defendant makes, sells, and markets window blinds and shades.  GCC sells its Products directly to consumers online, through its websites, Blinds.com, JustBlinds.com, and AmericanBlinds.com.

20.     All three of Defendant's websites create an illusion that customers are receiving a limited-time discount.  GCC does this by advertising fake limited-time sales, fake regular prices, and fake discounts based on the fake regular prices.  For example: Blinds.com's fake sale:



Captured January 2, 2022

JustBlinds.com's fake sale:



Captured January 11, 2022

AmericanBlinds.com's fake sale:



Captured January 12, 2022

21.     Global Custom Commerce's Products are always on sale on all three websites, and these sales have persisted for over a year, never ending.  For example, Blinds.com has prominently displayed, for over a year, on its website, sales that are designed to induce consumers to purchase its Products under the mistaken belief they are getting a significant bargain.  For example:



Captured March 1, 2022

6



Captured May 2, 2022



Captured August 1, 2022

22.     These discounts appear to be only for a limited time, but in reality, they are ongoing.  For example, as depicted on the following page, even after the "45% off sitewide" discount "ends [on] 11/1," Blinds.com generates another similar discount, except with a new end date.

7



Captured November 1, 2022

Captured November 2, 2022

23.    Similarly, JustBlinds.com has also prominently displayed, for over a year, on its website, sales that are designed to induce consumers to purchase its Products under the mistaken belief they are getting a significant bargain.  For example:

8

1
2
3
4
5
6
7
8
9
10



11 Captured March 9, 2022

12
13
14
15
16
17
18
19
20
21



22 Captured May 7, 2022

23
24
25
26
27
28



Captured August 2, 2022

24.     JustBlinds.com's discounts appear to be only for a limited time, but in reality, they are ongoing.  For example, as depicted below and on the following page, even after the "20% off sitewide" discount "ends [on] January 19, 2023," JustBlinds.com generates a similar discount again, except with a new end date.



Captured January 19, 2023

10



Captured January 20, 2023

25.     AmericanBlinds.com has also prominently displayed, for over a year, on its website, sales that are designed to induce consumers to purchase its Products under the mistaken belief they are getting a significant bargain.  For example:



Captured January 12, 2022

11



Captured March 16, 2022



Captured June 8, 2022

26.     AmericanBlinds.com's discounts appear to be only for a limited time, but in reality, they are ongoing.  For example, as depicted on the following page, even after the "40% off sitewide" discount "ends [on] January 18, 2023," AmericanBlinds.com generates a similar discount again, except with a new end date.



Captured January 18, 2023

Captured January 19, 2023

<u>Fake regular prices and fake discounts</u>:

27.     Defendant's websites list fake regular prices (that is, prices reflecting the list price or value of an item) and fake discounts.

13

28.    For example, on December 16, 2022, Defendant advertised discounted prices on Blinds.com for all of its Products.  As part of this discount, Defendant offered its Blinds.com Cordless 2 Inch Faux Wood Blinds, which has a purported regular price of $38.99:



29.    But the truth is, the Cordless 2 Inch Faux Wood Blinds' listed regular price of $38.99 is not its prevailing price.  Instead, it is always at a discount from the purported regular price of $38.99 (e.g., on December 16, 2022, it was priced at $29.24, and on January 23, 2023, it again was priced at $29.24), and the customer is not receiving the advertised discount by buying during the purported sale.

30.    In the same manner, JustBlinds.com advertised discounted prices on January 13, 2023, for all of its Products.  As part of this discount, Defendant offered its Cellular Shades, which has a purported regular price of $35.00:

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



20    31.    But the truth is, the Cellular Shades' listed regular price of $35.00 is not its

21 prevailing price.  Instead, it is always at a discount from the purported regular price of

22 $35.00 (e.g., on January 13, 2023, it was priced at $31.50, and on January 23, 2023, it

23 was priced at $26.25), and the customer is not receiving the advertised discount by

24 buying during the purported sale.

25    32.    Again, on AmericanBlinds.com, Defendant advertised discounted prices on

26 January 17, 2023, for all of its Products.  As part of this discount, Defendant offered the

27 Bella View Trademark 2 Inch Faux Wood Blinds, which has a purported regular price of

28 $68.00:



33.    But the truth is, the Bella View Trademark 2 Inch Faux Wood Blinds' listed regular price of $68.00 is not its prevailing price.  Instead, it is always at a discount from the purported regular price of $68.00 (e.g., on January 17, 2023, it was priced at $41.39, and on January 23, 2023, it was again priced at $41.39), and the customer is not receiving the advertised discount by buying during the purported sale.

34.    By listing fake regular prices and fake discounts, Defendant misleads consumers into believing that they are getting a good deal.

**B.    Defendant's advertisements violate California law.**

35.    As the Federal Trade Commission states in its *Guides Against Deceptive Pricing*, "where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction - the 'bargain' being advertised is a false one." 16 C.F.R. § 233.1.

36.     Advertising such false "bargains" is false, misleading, and unfair. Accordingly, it violates California's Unfair Competition law, which bans "unlawful, unfair or fraudulent" business acts and practices.  *See* Cal. Bus. & Prof. Code § 17200.

37.     In addition, California's Consumer Legal Remedies Act, specifically prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code §1770(1)(13).  Defendant's advertisements make false statements regarding the reasons for the sale (e.g., advertising a seasonal "Veterans Day Sale," when in fact the sale is ongoing), the existence of the sale, and the amounts of price reductions.

38.     Further, under California law, "No price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding."  Cal. Bus. & Prof. Code §17501.  As described in detail above, Defendant advertises its Products using former prices that were not the prevailing market prices within the preceding three months.

39.     So, not only are Defendant's business practices generally deceptive and fraudulent and therefore banned—they are also specifically prohibited by statute.

**C.     Defendant's advertisements harm consumers.**

40.     Based on Defendant's advertisements, reasonable consumers would expect that the listed regular prices are the prevailing prices at which Defendant actually sells its Products.

41.     Reasonable consumers would also expect that, if they purchase during the sale, they will receive the advertised discount from the regular purchase price.

42.     In addition, consumers are more likely to buy the product if they believe that the product is on sale and that they are getting a substantial discount.

43.     Consumers that are presented with discounts are substantially more likely to make the purchase.  "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a

purchase."[1]  And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[2]

44.     Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[3]

45.     Thus, Defendant's advertisements harm consumers by inducing them to make purchases based on false information.

**D.     Plaintiff was misled by Defendant's misrepresentations.**

46.     On May 2, 2022, Ms. Rudham purchased Cordless 2 Inch Faux Wood Blinds from Defendant.  She purchased the blinds from the Defendant's website, Blinds.com, while living in San Diego, California.  Ms. Rudham's receipt represented that she was receiving a substantial discount for the item that she ordered.  The invoice represented that the regular price of the blinds she purchased was $141.99 plus tax, and that she was receiving a discount of $35.50 for the item.

47.     Ms. Rudham read and relied on the representations on the website that the Product had the published regular price, and that she was receiving the advertised discount as compared to the regular price.  She would not have made the purchase if she had known that the Product was not discounted as advertised, and that she was not receiving the advertised discount.

---

[1] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/.

[2] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).

[3] https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black Friday email | Adestra (uplandsoftware.com) (400% higher conversation rate for ad with countdown timer).

48.     Ms. Rudman faces an imminent threat of future harm.  She likes the GCC Products, and would purchase them again if she could feel sure that Defendant would not illegally deceive her.  But without an injunction, she cannot trust that Defendant will comply with the consumer protection statutes.

**E.     Defendant breached its contract.**

49.     When Ms. Rudham purchased and paid for the GCC Product she bought as described above, she accepted offers that Defendant made, and thus, a contract was formed at the time that she made the purchase.  The offer was to provide blinds having a regular price of $141.99, and to provide a discount of 25% off the regular price of those blinds.

50.     Ms. Rudham and Global Custom Commerce entered a contract.

51.     The market value of the blinds Ms. Rudham would receive, and the amount of the discount that she would be provided off the regular price of the item, were specific and material terms of the contract.

52.     Defendant breached its contracts by failing to provide Ms. Rudham with a Product with a market value equal to the regular price displayed on its website, and by failing to provide the discount promised.

**V.     Class Action Allegations.**

53.     Plaintiff brings the asserted claims on behalf of the proposed class of:

- Nationwide Class: all persons who, within the applicable statute of limitations period, purchased one or more GCC Products advertised at a discount on Defendant's websites.

- California Subclass: all persons who, while in the state of California and within the applicable statute of limitations period, purchased one or more GCC Products advertised at a discount on Defendant's websites.

54.     The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in

which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### Numerosity & Ascertainability

55.     The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens or hundreds of thousands of class members.

56.     Class members can be identified through Defendant's sales records and public notice.

### Predominance of Common Questions

57.     There are questions of law and fact common to the proposed class. Common questions of law and fact include, without limitation:

(1) whether Defendant made false or misleading statements of fact in its advertisements;

(2) whether Defendant violated California's consumer protection statutes;

(3) whether Defendant committed a breach of contract;

(4) whether Defendant committed a breach of an express or implied warranty;

(5) damages needed to reasonably compensate Plaintiff and the proposed class.

### Typicality & Adequacy

58.     Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased the GCC Products advertised at a discount on Defendant's websites. There are no conflicts of interest between Plaintiff and the class.

### Superiority

59.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is

impractical.  It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI.   Claims.**

**First Cause of Action:**

**Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17501 et. seq.**
**(By Plaintiff and the California Subclass)**

60.    Plaintiff incorporates each and every factual allegation set forth above.

61.    Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

62.    Defendant has violated Section 17501 of the Business and Professions Code.

63.    As alleged more fully above, Defendant advertises former prices on its websites along with discounts.  Defendant does this, for example, by crossing out a higher price (e.g., ~~$35.00~~) or displaying a discount price next to the "regular" price.

64.    The former prices advertised by Defendant were not the prevailing market prices for the Products within three months preceding publication of the advertisement.

65.    Defendant's former price advertisements do not state clearly, exactly, and conspicuously when, if ever, the former prices prevailed.  Defendant's advertisements do not indicate whether or when the purported former prices were offered at all.

66.    Defendant violated, and continues to violate, Section 17501 to induce Plaintiff and the subclass to make purchases on its websites based on the advertised former prices.

67.    Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing Defendant's Products.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

21

68.     In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the GCC Products.

69.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

70.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased GCC Products if they had known the truth, and/or (b) they overpaid for the Products because the GCC Products were sold at a price premium due to the misrepresentation.

## Second Cause of Action:

**Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500 et. seq.**

**(By Plaintiff and the California Subclass)**

71.     Plaintiff incorporates each and every factual allegation set forth above.

72.     Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

73.     Defendant has violated Section 17500 of the Business and Professions Code.

74.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to subclass members.

75.     Defendant did this by advertising false regular prices and false discounts regarding its Products.

76.     Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

77.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing GCC Products.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

22

78.     In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

79.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

80.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased GCC Products if they had known the truth, and/or (b) they overpaid for the Products because the GCC Products were sold at a price premium due to the misrepresentation.

### Third Cause of Action:

### Violation of California's Consumer Legal Remedies Act

### (By Plaintiff and the California Subclass)

81.     Plaintiff incorporates each and every factual allegation set forth above.

82.     Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

83.     Plaintiff and the subclass are "consumers," as the term is defined by California Civil Code § 1761(d).

84.     Plaintiff and the subclass have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

85.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

86.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to subclass members.  Defendant did this by using fake regular prices, i.e., regular prices that are not the prevailing prices, and advertising fake discounts.

87.     Defendant violated, and continues to violate, Section 1770(a)(13) of the California Civil Code by making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions on its websites.  Defendant has violated Section 1770(a)(13) by (1) misrepresenting the regular price of Products on its websites, (2) advertising discounts and savings that are exaggerated or nonexistent, (3) misrepresenting that the discounts and savings are unusually large, when in fact they are regularly available, and (4) misrepresenting the reason for the sale (e.g., "Veterans Day sale," when in fact the sale is ongoing and not limited to Veterans Day).

88.     Defendant violated, and continues to violate, Section 1770(a)(5) of the California Civil Code by representing that Products offered for sale on its websites have characteristics or benefits that they do not have.  Defendant represents that the value of its Products is greater than it actually is by advertising inflated regular prices and fake discounts for the Products.

89.     Defendant violated, and continues to violate, Section 1770(a)(9) of the California Civil Code.  Defendant violates this by advertising its Products as being offered at a discount, when in fact Defendant does not intend to sell the Products at a discount.

90.     Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

91.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing the GCC Product.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

92.     In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the GCC Products.

93.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

24

94.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased GCC Products if they had known the discounts and/or regular prices were not real, and/or (b) they overpaid for the Products because the Products are sold at a price premium due to the misrepresentation.

95.     Accordingly, pursuant to California Civil Code § 1780(a)(2), Ms. Rudham, on behalf of herself and all other members of the subclass, seeks injunctive relief.

96.     CLRA § 1782 NOTICE.  On January 19, 2023, a CLRA demand letter was sent to Defendant's Texas headquarters via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here.  Defendant does not have a California headquarters.  If Defendant does not fully correct the problem for Plaintiff and for each member of the California Subclass within 30 days of receipt, Plaintiff and the California Subclass will seek all monetary relief allowed under the CLRA.

97.     A CLRA venue declaration is attached.

### Fourth Cause of Action:

### Violation of California's Unfair Competition Law

### (By Plaintiff and the California Subclass)

98.     Plaintiff incorporates each and every factual allegation set forth above.

99.     Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

100.    Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

***The Unlawful Prong***

101.    Defendant engaged in unlawful conduct by violating the CLRA and FAL, as alleged above and incorporated here.

25

### *The Deceptive Prong*

102.   As alleged in detail above, Defendant's representations that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts were false and misleading.

103.   Defendant's representations were misleading to Plaintiff and other reasonable consumers.

104.   Plaintiff relied upon Defendant's misleading representations and omissions, as detailed above.

### *The Unfair Prong*

105.   As alleged in detail above, Defendant committed "unfair" acts by falsely advertising that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts.

106.   Defendant violated established public policy by violating the CLRA and FAL, as alleged above and incorporated here.  The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA and FAL).

107.   The harm to Plaintiff and the subclass greatly outweighs the public utility of Defendant's conduct.  There is no public utility to misrepresenting the price of a consumer product.  This injury was not outweighed by any countervailing benefits to consumers or competition.  Misleading consumer products only injure healthy competition and harms consumers.

108.   Plaintiff and the subclass could not have reasonably avoided this injury.  As alleged above, Defendant's representations were deceptive to reasonable consumers like Plaintiff.

109.   Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

*  *  *

110.   For all prongs, Defendant's representations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing the GCC Product. Defendant's representations were a substantial factor in Plaintiff's purchase decision.

111.   In addition, subclass-wide reliance can be inferred because Defendant's representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy GCC Products.

112.   Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass members.

113.   Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the GCC Products if they had known that they were not discounted, and/or (b) they overpaid for the Products because the Products are sold at the regular price and not at a discount.

## Fifth Cause of Action:

### Breach of Contract

### (By Plaintiff and the Nationwide Class)

114.   Plaintiff incorporates each and every factual allegation set forth above.

115.   Plaintiff brings this cause of action on behalf of herself and the Nationwide Class.  In the alternative, Plaintiff brings this cause of action on behalf of herself and the California Subclass.

116.   Plaintiff and class members entered into contracts with Global Custom Commerce when they placed orders to purchase Products on Defendant's websites.

117.   The contracts provided that Plaintiff and class members would pay Global Custom Commerce for the Products ordered.

118.   The contracts further required that GCC provides Plaintiff and class members with Products that have a market value equal to the regular prices displayed on the website.  They also required that GCC provides Plaintiff and the class members with the discount listed in the receipt.  These were specific and material terms of the contract.

119.   The specific discounts were a specific and material term of each contract, and were displayed to Plaintiff and class members at the time they placed their orders.

120.   Plaintiff and class members paid GCC for the Products they ordered, and satisfied all other conditions of their contracts.

121.   GCC breached the contracts with Plaintiff and class members by failing to provide Products that had a prevailing market value equal to the regular price displayed on its websites, and by failing to provide the promised discount.  GCC did not provide the discount that GCC had promised.

122.   As a direct and proximate result of Defendant's breaches, Plaintiff and class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

<u>**Sixth Cause of Action:**</u>

**Breach of Express Warranty**

**(By Plaintiff and the California Subclass)**

123.   Plaintiff incorporates each and every factual allegation set forth above.

124.   Plaintiff brings this cause of action on behalf of herself and the California Subclass.

125.   Defendant, as the manufacturer, marketer, distributor, supplier, and/or seller of the GCC Products, issued material, written warranties by advertising that the Products had a prevailing market value equal to the regular price displayed on Defendant's websites.  This was an affirmation of fact about the Products (i.e., a representation about the market value) and a promise relating to the goods.

126.   This warranty was part of the basis of the bargain and Plaintiff and members of the subclass relied on this warranty.

127.   In fact, the GCC Products' stated market value was not the prevailing market value.  Thus, the warranty was breached.

128.   Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on January 19, 2023.

28

129.   Plaintiff and the subclass were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased GCC Products if they had known that the warranty was false, or (b) they overpaid for the Products because the Products are sold at a price premium due to the warranty.

### Seventh Cause of Action:

### Breach of Implied Warranty

### (By Plaintiff and the California Subclass)

130.   Plaintiff incorporates each and every factual allegation set forth above.

131.   Plaintiff brings this cause of action on behalf of herself and the California Subclass.

132.   As described in greater detail above, Defendant impliedly warranted that the GCC Products had a market value equal to the regular price displayed on Defendant's websites.

133.   This warranty was part of the basis of the bargain and Plaintiff and members of the subclass relied on this warranty.

134.   In fact, the GCC Products did not have a market value equal to the regular price displayed.  Thus, the warranty was breached.

135.   Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on January 19, 2023.

136.   Plaintiff and the subclass were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased GCC Products if they had known the truth, or (b) they overpaid for the Products because the Products are sold at a price premium due to the warranty.

## **Eighth Cause of Action:**

### **Quasi-Contract/Unjust Enrichment**

### **(By Plaintiff and the Nationwide Class)**

137. Plaintiff incorporates each and every factual allegation set forth above.

138. Plaintiff brings this cause of action on behalf of herself and the Nationwide Class. In the alternative, Plaintiff brings this claim on behalf of herself and the California Subclass.

139. As alleged in detail above, Defendant's false and misleading advertising caused Plaintiff and the class to purchase GCC Products and to pay a price premium for these Products.

140. In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

141. Plaintiff and the class seek restitution.

### **Ninth Cause of Action:**

### **Negligent Misrepresentation**

### **(By Plaintiff and the California Subclass)**

142. Plaintiff incorporates each and every factual allegation set forth above.

143. Plaintiff brings this cause of action on behalf of herself and the California Subclass.

144. As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and California Subclass members concerning the existence and/or nature of the discounts and savings advertised on its websites.

145. These representations were false.

146. When Defendant made these misrepresentations, it knew or should have known that they were false. Defendant had no reasonable grounds for believing that these representations were true when made.

147.    Defendant intended that Plaintiff and California Subclass members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

148.    In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the GCC Products.

149.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and California Subclass members.

150.    Plaintiff and California Subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased GCC Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products are sold at a price premium due to the misrepresentation.

## Tenth Cause of Action:

### Intentional Misrepresentation
### (By Plaintiff and the California Subclass)

151.    Plaintiff incorporates each and every factual allegation set forth above.

152.    Plaintiff brings this cause of action on behalf of herself and the California Subclass.

153.    As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and California Subclass members concerning the existence and/or nature of the discounts and savings advertised on its websites.

154.    These representations were false.

155.    When Defendant made these misrepresentations, it knew that they were false at the time that they made them and/or acted recklessly in making the misrepresentations.

156.    Defendant intended that Plaintiff and California Subclass members rely on these representations and Plaintiff and California Subclass members read and reasonably relied on them.

31

157.   In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the GCC Products.

158.   Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and California Subclass members.

159.   Plaintiff and California Subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased GCC Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products are sold at a price premium due to the misrepresentation.

**VII.   Jury Trial Demand.**

160.   Plaintiff demands the right to a jury trial on all claims so triable.

**VIII.  Relief.**

161.   Plaintiff seeks the following relief for herself and the class and subclass:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class and subclass;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

Dated: January 26, 2023          Respectfully submitted,

By: */s/ Christin K. Cho*
Christin K. Cho (Cal. Bar No. 238173)*
christin@dovel.com

32

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Simon C. Franzini (Cal. Bar No. 287631)*
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Admitted to the S.D. Cal. Bar.

*Counsel for Plaintiff and Proposed Class*