Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIE RUDHAM, <br><br> Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> v. <br><br> GLOBAL CUSTOM COMMERCE, INC. and HOME DEPOT U.S.A., INC. <br><br> *Defendants*. | Case No. 3:23-cv-00152-DMS-BLM <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## **Table of Contents**

I.     Introduction...................................................................................................1

II.    Parties...........................................................................................................4

III.   Jurisdiction and Venue. .............................................................................5

IV.    Facts. ...........................................................................................................5

    A.    Defendants' fake sales and discounts. ............................................5

    B.    Defendants' advertisements violate California law. ...................17

    C.    Defendants' advertisements harm consumers. ...........................18

    D.    Plaintiff was misled by Defendants' misrepresentations. ..........19

V.     Class Action Allegations. .......................................................................20

VI.    Claims. .......................................................................................................21

First Cause of Action: Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17501 et. seq. ...................................................21

Second Cause of Action: Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500 et. seq. ...........................................22

Third Cause of Action: Violation of California's Consumer Legal Remedies Act ...................................................................................23

Fourth Cause of Action: Violation of California's Unfair Competition Law.........26

VII.   Jury Trial Demand. ..................................................................................28

VIII.  Relief..........................................................................................................28

i

# I.     Introduction.

1.     Advertised "sale" prices are important to consumers.  Consumers are more likely to purchase an item if they know that they are getting a good deal.  Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

2.     While there is nothing wrong with a legitimate sale, a fake one—that is, one with made-up regular prices, made-up discounts, and made-up expirations—is deceptive and illegal.

3.     California's False Advertising Law prohibits businesses from making statements they know or should know to be untrue or misleading.  Cal. Bus. & Prof. Code § 17500.  This includes statements falsely suggesting that a product is on sale, when it actually is not.  Moreover, California's False Advertising Law specifically provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising.  Cal. Bus. & Prof. Code § 17501.

4.     Likewise, California's Consumer Legal Remedies Act prohibits "advertising goods or services with the intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."  Cal. Civ. Code § 1770(a)(9), (13).

5.     In addition, the Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. § 233.1.  They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case.  16 C.F.R. § 233.1.

Case No. 3:23-cv-00152-DMS-BLM

6.    So, as numerous courts have found, fake sales violate these laws.  They also violate California's general prohibition on unlawful, unfair, and deceptive business practices.  *See* Cal. Bus. & Prof. Code § 17200.

7.    Defendants Home Depot U.S.A., Inc. and Global Custom Commerce, Inc.[1] (collectively, "Home Depot" or "Defendants") make, sell, and market window coverings (the "Products").  The Products are sold online through Defendants' websites, Blinds.com, JustBlinds.com, and AmericanBlinds.com.

8.    Defendants' websites prominently advertise purportedly time-limited, sitewide sales.  These advertisements include purported regular prices, purported discounts, and purported end dates for the sales.  For example: Defendants' sales on Blinds.com, JustBlinds.com, and AmericanBlinds.com, respectively, with dates listing when the sales end:



---

[1] Defendant Global Custom Commerce, Inc. used to be a separately incorporated wholly-owned subsidiary of Defendant Home Depot U.S.A., Inc., but is no longer a separate legal entity.



9.      In addition, Defendants advertise purported discounts off regular prices. These advertisements include a purported discount price, alongside a strike-out of a purported regular price:

10.     But these advertisements are false.  Defendants always offer sitewide discounts, so they never sell any of their Products at the purported regular price.  The sales are not limited in time, but instead immediately reset and continue to be available (albeit, in certain cases, with a different name).

11.     Plaintiff Kristie Rudham bought blinds from Defendants on Blinds.com. Like Defendants' other customers, when Plaintiff bought the Product, Defendants advertised that a purported sale was going on, and that the Product was heavily discounted.  Plaintiff believed that the Product that she purchased usually retailed for the displayed regular price.  She further believed that she was getting a substantial discount from the regular price, and that the sale would end soon.  These reasonable beliefs are what caused her to buy from Defendants.  If she had known that the Product she purchased was not on sale, she would not have bought it.

12.     But none of that was true.  Defendants' published regular prices were not the prevailing regular prices.  Had Defendants been truthful, Plaintiff and other consumers would not have purchased the Products or would have paid less for them.

13.     Plaintiff brings this case for herself and the other customers who purchased Defendants' Products.

II.     **Parties.**

14.     Plaintiff Kristie Rudham is domiciled in San Diego, California.

15.     The proposed class includes citizens of California.

16.     Defendant Global Custom Commerce, Inc. was a Delaware corporation with its principal place of business at 10255 Richmond Ave, Houston, Texas 77042.

17.     Defendant Home Depot U.S.A., Inc. is a Delaware corporation with its principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia 30339.

4

## III.    Jurisdiction and Venue.

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendants.

19.    The Court has personal jurisdiction over Defendants because Defendants sold Products to consumers in California, including to Plaintiff.

20.    Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendants would be subject to personal jurisdiction in this District if this District were a separate state, given that Defendants sold Products to consumers in this District, including Plaintiff.  Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendants' conduct giving rise to the claims occurred in this District, including Defendants' sale to Plaintiff.

## IV.    Facts.

### A.    Defendants' fake sales and discounts.

21.    Defendants make, sell, and market window blinds and shades.  Defendants sell their Products directly to consumers online, through their websites, Blinds.com, JustBlinds.com, and AmericanBlinds.com.

22.    All three of Defendants' websites create an illusion that customers are receiving a limited-time discount.  Defendants do this by advertising fake limited-time sales, fake regular prices, and fake discounts based on the fake regular prices.  For example, Defendants advertise purportedly time-limited "sitewide" sales where everything is purportedly 20% or more off for a limited time:

Case No. 3:23-cv-00152-DMS-BLM

Blinds.com's fake sale:



Captured January 2, 2022

JustBlinds.com's fake sale:



Captured January 11, 2022

AmericanBlinds.com's fake sale:



Captured January 12, 2022

23.     But Defendants' Products are always on sale, and these sales persist.  For example, Defendants have prominently displayed, for over a year, sitewide sales on the Blinds.com website.  These sales are designed to induce consumers to purchase their Products under the mistaken belief they are getting a significant bargain because they are buying while the sale is going on.  Example screen captures showing sitewide sales at various points throughout 2022 are shown below:



Captured March 1, 2022

7

Case No. 3:23-cv-00152-DMS-BLM



Captured May 2, 2022



Captured August 1, 2022

24.     These discounts appear to be only for a limited time, but in reality, they are ongoing.  For example, as depicted on the following page, even after the "45% off sitewide" discount "ends [on] 11/1," Blinds.com generates another similar discount, except with a new end date.

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24



Captured November 1, 2022

Captured November 2, 2022

25    25.    Similarly, JustBlinds.com has also prominently displayed, for over a year,

26  on its website, sales that are designed to induce consumers to purchase Defendants'

27  Products under the mistaken belief they are getting a significant bargain.  For example:

28



Captured March 9, 2022



Captured May 7, 2022



Captured August 2, 2022

26.   JustBlinds.com's discounts appear to be only for a limited time, but in reality, they are ongoing.  For example, as depicted below and on the following page, even after the "20% off sitewide" discount "ends [on] January 19, 2023," JustBlinds.com generates a similar discount again, except with a new end date.



Captured January 19, 2023

11



Captured January 20, 2023

27.     AmericanBlinds.com has also prominently displayed, for over a year, on its website, sales that are designed to induce consumers to purchase Defendants' Products under the mistaken belief they are getting a significant bargain.  For example:



Captured January 12, 2022

Case No. 3:23-cv-00152-DMS-BLM



Captured March 16, 2022



Captured June 8, 2022

28.     AmericanBlinds.com's discounts appear to be only for a limited time, but in reality, they are ongoing.  For example, as depicted on the following page, even after the "40% off sitewide" discount "ends [on] January 18, 2023," AmericanBlinds.com generates a similar discount again, except with a new end date.

13

Case No. 3:23-cv-00152-DMS-BLM



Captured January 18, 2023

Captured January 19, 2023

<u>Fake regular prices and fake discounts:</u>

29.     Defendants' websites list fake regular prices (that is, prices reflecting the list price or value of an item) and fake discounts.

14

30.     For example, on December 16, 2022, Defendants advertised discounted prices on Blinds.com for all of their Products.  As part of this discount, Defendants offered their Blinds.com Cordless 2 Inch Faux Wood Blinds, which has a purported regular price of $38.99:



31.     But the truth is, the Cordless 2 Inch Faux Wood Blinds' listed regular price of $38.99 is not its prevailing price.  Instead, it is always at a discount from the purported regular price of $38.99 (e.g., on December 16, 2022, it was priced at $29.24, and on January 23, 2023, it again was priced at $29.24), and the customer is not receiving the advertised discount by buying during the purported sale.

32.     In the same manner, JustBlinds.com advertised discounted prices on January 13, 2023, for all of its Products.  As part of this discount, Defendants offered their Cellular Shades, which has a purported regular price of $35.00:

Case No. 3:23-cv-00152-DMS-BLM



33.     But the truth is, the Cellular Shades' listed regular price of $35.00 is not its prevailing price.  Instead, it is always at a discount from the purported regular price of $35.00 (e.g., on January 13, 2023, it was priced at $31.50, and on January 23, 2023, it was priced at $26.25), and the customer is not receiving the advertised discount by buying during the purported sale.

34.     Again, on AmericanBlinds.com, Defendants advertised discounted prices on January 17, 2023, for all of their Products.  As part of this discount, Defendants offered the Bella View Trademark 2 Inch Faux Wood Blinds, which has a purported regular price of $68.00:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



16   35.   But the truth is, the Bella View Trademark 2 Inch Faux Wood Blinds' listed

17   regular price of $68.00 is not its prevailing price.  Instead, it is always at a discount from

18   the purported regular price of $68.00 (e.g., on January 17, 2023, it was priced at $41.39,

19   and on January 23, 2023, it was again priced at $41.39), and the customer is not receiving

20   the advertised discount by buying during the purported sale.

21   36.   By listing fake regular prices and fake discounts, Defendants mislead

22   consumers into believing that they are getting a good deal.

23   **B.   Defendants' advertisements violate California law.**

24   37.   As the Federal Trade Commission states in its *Guides Against Deceptive*

25   *Pricing*, "where an artificial, inflated price was established for the purpose of enabling

26   the subsequent offer of a large reduction - the 'bargain' being advertised is a false one."

27   16 C.F.R. § 233.1.

28

Case No. 3:23-cv-00152-DMS-BLM

38.     Advertising such false "bargains" is false, misleading, and unfair. Accordingly, it violates California's Unfair Competition law, which bans "unlawful, unfair or fraudulent" business acts and practices.  *See* Cal. Bus. & Prof. Code § 17200.

39.     In addition, California's Consumer Legal Remedies Act, specifically prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code § 1770(1)(13). Defendants' advertisements make false statements regarding the reasons for the sale (e.g., advertising a seasonal "Veterans Day Sale," when in fact the sale is ongoing), the existence of the sale, and the amounts of price reductions.

40.     Further, under California law, "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding."  Cal. Bus. & Prof. Code § 17501.  As described in detail above, Defendants advertise their Products using former prices that were not the prevailing market prices within the preceding three months.

41.     So, not only are Defendants' business practices generally deceptive and fraudulent and therefore banned—they are also specifically prohibited by statute.

**C.     Defendants' advertisements harm consumers.**

42.     Based on Defendants' advertisements, reasonable consumers would expect that the listed regular prices are the former prices at which Defendants actually sell their Products, and are the prevailing prices for the Products.

43.     Reasonable consumers would also expect that, if they purchase during the sale, they will receive an item whose regular price and/or market value is the advertised regular price and that they will receive the advertised discount from the regular purchase price.

44.     In addition, consumers are more likely to buy the product if they believe that the product is on sale and that they are getting a product with a higher regular price and/or market value at a substantial discount.

Case No. 3:23-cv-00152-DMS-BLM

45.     Consumers that are presented with discounts are substantially more likely to make the purchase.  "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[2]  And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[3]

46.     Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[4]

47.     Thus, Defendants' advertisements harm consumers by inducing them to make purchases based on false information.

**D.     Plaintiff was misled by Defendants' misrepresentations.**

48.     On May 2, 2022, Ms. Rudham purchased Cordless 2 Inch Faux Wood Blinds from Defendants.  She purchased the blinds from the Defendants' website, Blinds.com, while living in San Diego, California.  Ms. Rudham's receipt represented that she was receiving a substantial discount for the item that she ordered.  The invoice represented that the regular price of the blinds she purchased was $141.99 plus tax, and that she was receiving a discount of $35.50 for the item.

49.     Ms. Rudham read and relied on the representations on the website that the Product had the published regular price, and that she was receiving the advertised discount as compared to the regular price.  She would not have made the purchase if she

---

[2] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/.

[3] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).

[4] https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black Friday email | Adestra (uplandsoftware.com) (400% higher conversation rate for ad with countdown timer).

Case No. 3:23-cv-00152-DMS-BLM

had known that the Product was not discounted as advertised, and that she was not receiving the advertised discount.

50.     Ms. Rudman faces an imminent threat of future harm.  She likes the Products, and would purchase them again if she could feel sure that Defendants would not illegally deceive her.  But without an injunction, she cannot trust that Defendants will comply with the consumer protection statutes.

**V.     Class Action Allegations.**

51.     Plaintiff brings the asserted claims on behalf of the proposed class of: all persons who, while in the state of California and within the applicable statute of limitations period, purchased one or more Products advertised at a discount on Defendants' websites.

52.     The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### *Numerosity & Ascertainability*

53.     The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens or hundreds of thousands of class members.

54.     Class members can be identified through Defendants' sales records and public notice.

Case No. 3:23-cv-00152-DMS-BLM

*Predominance of Common Questions*

55.     There are questions of law and fact common to the proposed class. Common questions of law and fact include, without limitation:

(1) whether Defendants made false or misleading statements of fact in their advertisements;

(2) whether Defendants violated California's consumer protection statutes;

(5) damages needed to reasonably compensate Plaintiff and the proposed class.

*Typicality & Adequacy*

56.     Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased the Products advertised at a discount on Defendants' websites.  There are no conflicts of interest between Plaintiff and the class.

*Superiority*

57.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI.    Claims.**

**First Cause of Action:**

**Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17501 et. seq.**

**(By Plaintiff and the Class)**

58.     Plaintiff incorporates each and every factual allegation set forth above.

59.     Plaintiff brings this cause of action on behalf of herself and members of the class.

60.     Defendants have violated Section 17501 of the Business and Professions Code.

21

61.     As alleged more fully above, Defendants advertise former prices on their websites along with discounts.  Defendants do this, for example, by crossing out a higher price (e.g., ~~$35.00~~) or displaying a discount price next to the "regular" price.

62.     The former prices advertised by Defendants were not the prevailing market prices for the Products within three months preceding publication of the advertisement.

63.     Defendants' former price advertisements do not state clearly, exactly, and conspicuously when, if ever, the former prices prevailed.  Defendants' advertisements do not indicate whether or when the purported former prices were offered at all.

64.     Defendants violated, and continue to violate, Section 17501 to induce Plaintiff and the class to make purchases on their websites based on the advertised former prices.

65.     Defendants' misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing Defendants' Products.  Defendants' misrepresentations were a substantial factor in Plaintiff's purchase decision.

66.     In addition, class-wide reliance can be inferred because Defendants' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

67.     Defendants' misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the class.

68.     Plaintiff and the class were injured as a direct and proximate result of Defendants' conduct because (a) they would not have purchased the Products if they had known the truth, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

## Second Cause of Action:

## Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500 et. seq.

## (By Plaintiff and the Class)

69.     Plaintiff incorporates each and every factual allegation set forth above.

22

70.     Plaintiff brings this cause of action on behalf of herself and members of the class.

71.     Defendants have violated Section 17500 of the Business and Professions Code.

72.     As alleged more fully above, Defendants made and disseminated untrue and misleading statements of facts in their advertisements to class members.

73.     Defendants did this by advertising false regular prices and false discounts regarding their Products.

74.     Defendants' representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendants knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

75.     Defendants' misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the Products.  Defendants' misrepresentations were a substantial factor in Plaintiff's purchase decision.

76.     In addition, class-wide reliance can be inferred because Defendants' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

77.     Defendants' misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the class.

78.     Plaintiff and the class were injured as a direct and proximate result of Defendants' conduct because (a) they would not have purchased the Products if they had known the truth, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

### Third Cause of Action:

### Violation of California's Consumer Legal Remedies Act

### (By Plaintiff and the Class)

79.     Plaintiff incorporates each and every factual allegation set forth above.

Case No. 3:23-cv-00152-DMS-BLM

80.    Plaintiff brings this cause of action on behalf of herself and members of the class.

81.    Plaintiff and the class are "consumers," as the term is defined by California Civil Code § 1761(d).

82.    Plaintiff and the class have engaged in "transactions" with Defendants as that term is defined by California Civil Code § 1761(e).

83.    The conduct alleged in this Amended Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendants in transactions intended to result in, and which did result in, the sale of goods to consumers.

84.    As alleged more fully above, Defendants made and disseminated untrue and misleading statements of facts in their advertisements to class members.  Defendants did this by using fake regular prices, i.e., regular prices that are not the prevailing prices, and advertising fake discounts.

85.    Defendants violated, and continue to violate, Section 1770(a)(13) of the California Civil Code by making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions on their websites.  Defendants have violated Section 1770(a)(13) by (1) misrepresenting the regular price of Products on their websites, (2) advertising discounts and savings that are exaggerated or nonexistent, (3) misrepresenting that the discounts and savings are unusually large, when in fact they are regularly available, and (4) misrepresenting the reason for the sale (e.g., "Veterans Day sale," when in fact the sale is ongoing and not limited to Veterans Day).

86.    Defendants violated, and continue to violate, Section 1770(a)(5) of the California Civil Code by representing that Products offered for sale on their websites have characteristics or benefits that they do not have.  Defendants represent that the value of their Products is greater than it actually is by advertising inflated regular prices and fake discounts for the Products.

Case No. 3:23-cv-00152-DMS-BLM

87.     Defendants violated, and continue to violate, Section 1770(a)(9) of the California Civil Code.  Defendants violate this by advertising their Products as being offered at a discount, when in fact Defendants do not intend to sell the Products at a discount.

88.     Defendants' representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendants knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

89.     Defendants' misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing the Product. Defendants' misrepresentations were a substantial factor in Plaintiff's purchase decision.

90.     In addition, class-wide reliance can be inferred because Defendants' misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

91.     Defendants' misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the class.

92.     Plaintiff and the class were injured as a direct and proximate result of Defendants' conduct because (a) they would not have purchased Products if they had known the discounts and/or regular prices were not real, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

93.     Accordingly, pursuant to California Civil Code § 1780(a)(2), Ms. Rudham, on behalf of herself and all other members of the class, seeks injunctive relief.

94.     CLRA § 1782 NOTICE.  On January 19, 2023, a CLRA demand letter was sent to Defendant Global Custom Commerce, Inc.'s Texas headquarters, addressed to Defendant Global Custom Commerce, Inc., via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here.  On April 10, 2023, after Plaintiff learned that Defendant Global Custom Commerce, Inc. is no longer a separately incorporated entity, but is instead doing business as a division of

Case No. 3:23-cv-00152-DMS-BLM

Defendant Home Depot U.S.A., Inc., out of an abundance of caution, a second CLRA demand letter was sent to Defendant Home Depot U.S.A., Inc.'s Atlanta headquarters, this time addressed to Defendant Home Depot U.S.A., Inc., via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here.  Defendants do not have a California headquarters.  If Defendants do not fully correct the problem for Plaintiff and for each member of the class within 30 days of receipt of the April 10, 2023 letter, Plaintiff and the class will seek all monetary relief allowed under the CLRA.

95.    A CLRA venue declaration is attached.

## Fourth Cause of Action:

## Violation of California's Unfair Competition Law

### (By Plaintiff and the Class)

96.    Plaintiff incorporates each and every factual allegation set forth above.

97.    Plaintiff brings this cause of action on behalf of herself and members of the class.

98.    Defendants have violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

*The Unlawful Prong*

99.    Defendants engaged in unlawful conduct by violating the CLRA and FAL, and 16 C.F.R. § 233, as alleged above and incorporated here.

*The Deceptive Prong*

100.    As alleged in detail above, Defendants' representations that their Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts were false and misleading.

101.    Defendants' representations were misleading to Plaintiff and other reasonable consumers.

Case No. 3:23-cv-00152-DMS-BLM

102.   Plaintiff relied upon Defendants' misleading representations and omissions, as detailed above.

### The Unfair Prong

103.   As alleged in detail above, Defendants committed "unfair" acts by falsely advertising that their Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts.

104.   Defendants violated established public policy by violating the CLRA and FAL, as alleged above and incorporated here.  The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA and FAL).

105.   The harm to Plaintiff and the class greatly outweighs the public utility of Defendants' conduct.  There is no public utility to misrepresenting the price of a consumer product.  This injury was not outweighed by any countervailing benefits to consumers or competition.  Misleading consumer products only injure healthy competition and harm consumers.

106.   Plaintiff and the class could not have reasonably avoided this injury.  As alleged above, Defendants' representations were deceptive to reasonable consumers like Plaintiff.

107.   Defendants' conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

\* \* \*

108.   For all prongs, Defendants' representations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing the Product. Defendants' representations were a substantial factor in Plaintiff's purchase decision.

109.   In addition, class-wide reliance can be inferred because Defendants' representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

110.   Defendants' representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the class members.

Case No. 3:23-cv-00152-DMS-BLM

111.   Plaintiff and the class were injured as a direct and proximate result of Defendants' conduct because (a) they would not have purchased the Products if they had known that they were not discounted, and/or (b) they overpaid for the Products because the Products were sold at the regular price and not at a discount.

**VII.   Jury Trial Demand.**

112.   Plaintiff demands the right to a jury trial on all claims so triable.

**VIII.   Relief.**

113.   Plaintiff seeks the following relief for herself and the class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;
- Restitution;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendants' deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

Dated: April 12, 2023                  Respectfully submitted,

By: */s/ Christin K. Cho*
Christin K. Cho (Cal. Bar No. 238173)*
christin@dovel.com
Simon C. Franzini (Cal. Bar No. 287631)*
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Admitted to the S.D. Cal. Bar

*Counsel for Plaintiff*

Case No. 3:23-cv-00152-DMS-BLM